is in no way applicable to the case at bar. A party has lost the evidence of his right to recover. The penalty to the loser is no greater than if the money itself had been lost. I can find no justification in public necessity for the act in question.

It may be argued that the statute provides for the recovery upon lost paper by a requirement that a bond may be given, and that the statute in question is no more an impairment of the obligation of a contract than the statute providing for the recovery upon a lost note. But the right to recover upon a lost instrument upon the giving of indemnity does not rest upon the statute. The right has always existed in a court of equity to provide for the saving of the rights of the owner of a lost instrument by the giving of indemnity. In Rowley v. Ball, 3 Cow. 303, the right was recognized in a court of equity, but was denied to a court of law, and the statute was enacted for the sole purpose of giving to a court of law the same power to allow a recovery as existed without the statute in a court of equity. See 2 Rev. St. (1st Ed.) p. 406, pt. 3, c. 7, tit. 3, §§ 75, 76, and note of the revisors found in volume 3 of the Second Edition of the Revised Statutes, p. 738. See, also, Throop's Code, § 1917, and his note. The statute in question offers no indemnity to the party whose rights are abrogated. It attempts to divest the owner of such a certificate of his property upon a condition not named in the contract, in clear contravention, as I think, of the rights guarantied to him by the state and federal Constitutions. The question here arises upon a certificate issued before the passage of the statute herein discussed. An entirely different question might arise upon a certificate issued after its passage, upon which it is unnecessary here to express an opinion.

The order should therefore be reversed.

Final order reversed, with costs. All concur, except CHESTER, J., who dissents, and KELLOGG, J., not voting.

---

(85 App. Div. 265)

### JONES v. VILLAGE OF FONDA et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. MANDAMUS—REMEDY AT LAW

A writ of peremptory mandamus will not be granted on the petition of a property owner in a village claiming that such property has been injured by the crossing of a highway, he having a complete remedy at law.

Appeal from Special Term, Montgomery County.

Application of George Jones for a writ of mandamus against the Village of Fonda and the New York Central & Hudson River Railroad Company. From an order denying the writ, petitioner appeals. Affirmed.

The following is the opinion of STOVER, J., delivered at Special Term:

The application is for a peremptory writ of mandamus to compel the village to aud't a claim for injuries to property, claimed to have been sustained by

¶ 1. See Mandamus, vol. 33, Cent. Dig. § 8.

reason of the closing of a highway. The statute provides that the municipal corporation may, with the approval of the company, acquire, by purchase, any lands, rights, or easements necessary or required for the purpose of carrying out the provisions of sections 60, 61, and 62 of the railroad act (Laws 1897, pp. 794–797, c. 754); but, if unable to do so, shall acquire such lands, rights, or easements by condemnation either under the condemnation law (Code Civ. Proc. §§ 3357–3384), or under the provisions of the charter of such municipal corporation; and provides for notice to the company of the proceedings. The claim is made by the petitioner that it is the duty of the municipality to acquire his rights before closing the street. The statute provides two ways of acquiring property by a municipal corporation: First, by agreement with the property owners, and, in case of failure to agree, by condemnation proceedings. Any taking of property, except by either of the ways mentioned, would be illegal, and subject the parties participating in such appropriation to an action. While it is true that a mandamus should issue where a public officer or body neglects a plain duty, yet the duty must be plain and clear, and in this case the claim is made that there is no taking of any property or rights of the petitioner. It is not quite clear that the court could, upon such an application as this, compel the municipality either to audit the claim or to commence condemnation proceedings. Each of these acts requires the preliminary determination on the part of the municipality that there was a taking of the property, and that there was a necessity therefor. If the petitioner's property had been taken illegally, he has a complete remedy at law, and it would seem that mandamus is not the remedy of the petitioner. The municipality certainly has no right to audit the claim, unless, in their judgment, the property is required for the purpose; in other words, it must be the subject of agreement between the parties as to the price before the municipal corporation alone can audit the claim. If such an agreement cannot be had, recourse must be had to the assessment by commissioners, and this must be done upon the application of the municipal corporation. It must be preceded by a determination that the rights in suit are necessary, and other preliminary requisites, in order to give jurisdiction under the condemnation law (Code Civ. Proc. §§ 3357–3384); and it is not quite clear how a mandamus can accomplish the purpose of the relator herein, namely, the payment of his claim for damages. As before stated, if his property has been illegally taken, he has a complete remedy against the municipality for the wrong done him, and this should be enforced by action, rather than than mandamus.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. S. Sitterly and H. V. Borst, for appellant.

S. W. Putman and R. B. Fish, for respondent Village of Fonda.

Thomas D. Watkins, for respondent New York Central & Hudson River Railroad Co.

PER CURIAM. Order unanimously affirmed, with $10 costs and disbursements.

---

(86 App. Div. 172.)

TURNER et al. v. MATHER et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. WILLS—CONSTRUCTION—ANNUITIES—GENERAL LEGACIES.
    Where testator directed his executor to reserve sufficient funds from his personal estate to pay certain annuities during the life of the annuitants, and on the death thereof to dispose of the principal fund as residuary estate, such annuities were general legacies only.

2. SAME—DEBTS—CHARGE ON LAND—INTENTION.
    Where, at the time of making his will, there was no proof that testator had reason to believe that his personal estate would be insufficient to pay